Case: 3:05-cr-00155-bbc   Document #: 43   Filed: 02/17/2006   Page 1 of 3

Document Number  Case Number
43  05-CR-0155-C
United States District Court
Western District of Wisconsin
Theresa M. Owens

Filed/Received
02/17/2006 08:27:56 AM CST

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                    Plaintiff,

   v.

BERNARDO GARCIA,

                    Defendant.

ORDER

05-CR-0155-C-01

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In a report and recommendation entered on February 3, 2006, United States Magistrate Judge Stephen L. Crocker addressed defendant Bernardo Garcia's motion to suppress all evidence derived from the government's installation of a tracking device on the exterior of his car.  The magistrate judge concluded that the government may not place such a device on a car without the owner's permission unless it has established at least a reasonable suspicion of the owner's involvement in criminal activity and the likelihood that surveillance of the car's movement in public places will lead to the discovery of relevant evidence.  In his view, the government should be required to establish the existence of reasonable suspicion before it installs a tracking device.  However, he did not recommend granting the motion to suppress on this ground.  He suggested instead that because neither

1

this court nor the Court of Appeals for the Seventh Circuit had ever held that this requirement existed, the district court might wish to give the government an opportunity to make the showing after the fact.

The parties have had an opportunity to be heard on the magistrate judge's recommendations and to object to them. Defendant contends that an installation requires a showing of probable cause and a search warrant obtained in advance and that no nunc pro tunc hearing will suffice; the government's position is that no warrant need be obtained and no showing of reasonable suspicion is required, but it asserts that if the court agrees with the magistrate judge's recommendation and requires a showing of reasonable suspicion, it can meet that threshold easily.

I conclude that a showing of reasonable suspicion is necessary. As the magistrate judge noted, the Supreme Court has never indicated that less than reasonable suspicion must be established before a tracking device is attached to the exterior of a car or held that such an installation is not a search under any circumstances. Unless and until it does so, prudence and concern for the minimal privacy rights of automobile owners in the exteriors of their vehicles suggest requiring law enforcement officers to make such a showing. I agree with the magistrate judge that in this instance, defendant's rights can be protected by requiring the government to make its showing after the tracking has been accomplished. Accordingly, I will direct the magistrate judge to schedule a hearing at which the government

2

can attempt to show that at the time its agents installed the tracking device, it would have been able to persuade a neutral and detached magistrate that it had reasonable suspicion that defendant was engaged in criminal activity and that knowledge of the whereabouts of his car while it was being operated in public areas would have provided information relevant to the government's investigation of defendant's criminal activity.

ORDER

IT IS ORDERED that the magistrate judge's February 3, 2006 report and recommendation is ADOPTED; a ruling is reserved on defendant Bernardo Garcia's motion to suppress evidence pending the magistrate judge's holding of a hearing to determine whether at the time the government installed the tracking device on defendant's car, it had reasonable suspicion that defendant was involved in criminal activities and that knowledge of the whereabouts of defendant's car while it was being operated in public areas would have provided information relevant to the government's investigation of defendant's criminal activity. The magistrate judge shall file a report when he has concluded the hearing.

Entered this 16th day of February, 2006.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3