Case: 3:05-cr-00155-bbc   Document #: 56   Filed: 06/01/2006   Page 1 of 5

Document Number Case Number
56                05-CR-0155-C
United States District Court
Western District of Wisconsin
Theresa M. Owens

Filed/Received
06/01/2006 10:36:53 AM CDT

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                       Plaintiff,

    v.

BERNARDO GARCIA,

                       Defendant.

ORDER

05-CR-0155-C-01

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is the second order necessitated by defendant Bernardo Garcia's motion to suppress evidence seized as a result of surveillance of an automobile defendant was driving in late May of 2005. Law enforcement officers suspected that defendant was engaged in the manufacture of methamphetamine. In an effort to check their suspicions, they installed a tracking device on a gray Ford Tempo titled in the name of defendant's girlfriend. In an order entered on February 16, 2006, I adopted the United States Magistrate Judge's recommendation to require that before the government can install a tracking device on a car it must establish both the existence of reasonable suspicion of a person's involvement in criminal activity and the likelihood that surveillance of the car's movement in public places will lead to the discovery of relevant evidence. In addition, I agreed with the magistrate

1

judge that the next step was to hold an evidentiary hearing to determine whether the government could make an after-the-fact showing.  The magistrate judge recommended this approach because neither the Court of Appeals for the Seventh Circuit nor the Supreme Court has ever held that such a showing was required, so that the government would not have had fair warning of the requirement this court was imposing.

Following the hearing, the magistrate judge issued a second report, recommending that the court find that the government had reasonable suspicion both that defendant Bernardo Garcia was involved in the manufacture of methamphetamine and that installing a tracking device on the car he was driving would lead to additional evidence of criminal activity.  Defendant has filed objections to the second report.  He argues that law enforcement may have had sufficient suspicion to believe that he was engaged in criminal activity but they did not establish any basis for suspecting that tracking the gray Ford Tempo he was driving would lead to the discovery of relevant information.

Defendant concentrates on the information provided by Tiane Lea Lindeman-Anderson and by the parents of Wendy Wilson, defendant's girlfriend, as reported to Tim Schultz, a special agent with the Wisconsin Department of Justice, Division of Criminal Investigation.  According to Schultz, Lindeman-Anderson told him that defendant had been to her home in Almena, Wisconsin, on four different occasions; on the last visit, he had been driving a gray Ford Tempo and had in his possession a half gram of methamphetamine that

2

he used with her husband and Wendy Wilson. (Agent Schultz testified to other information he had gathered, tending to show that defendant had resumed the manufacture of methamphetamine. It is not necessary to review this information because defendant does not contest the sufficiency of the government's suspicion that he was manufacturing methamphetamine.) Defendant contends that Lindeman-Anderson is not trustworthy because she has a number of arrests for issuing worthless checks and is a known methamphetamine addict.

As to Wendy Wilson's parents, defendant asserts that they were in no position to say that defendant was driving the gray Tempo titled in their daughter's name, although this is what they told the investigating officers. He says that the Wilsons had three cars, including the Tempo, and the agents had never seen him driving the Tempo to obtain precursor chemicals or for distributing the finished product. Therefore, he asserts, the agents had no basis for believing that surveillance of the Tempo would lead to relevant information.

Defendant overstates his case. Law enforcement agents had a number of reasons to believe that defendant had set up a clandestine methamphetamine laboratory, as detailed in the magistrate judge's report, and they had reason to believe that he was driving the Wilsons' gray Ford Tempo because both the Wilsons and Lindeman-Anderson had told them he was using that car. Lindeman-Anderson may not be trustworthy but her information was confirmed by the Wilsons. If it is true that the Wilsons do not like defendant, as defendant

3

suggests, that dislike only makes it more probable that they would tell the law enforcement agents the truth about what car he was driving. Wouldn't they have an incentive to expose defendant as the criminal they believed him to be? And as a corollary, what incentive would they have to protect defendant by giving the agents incorrect information?

I agree with the magistrate judge that the agents had reasonable suspicion to support their decision to install a tracking device on the gray Tempo and that, in fact, their knowledge about defendant and his activities rose above the level of reasonable suspicion to probable cause.

ORDER

IT IS ORDERED that the report and recommendation entered by the United States Magistrate Judge on May 10, 2006, is ADOPTED. I find that when law enforcement agents installed a tracking device on the gray Tempo that defendant Bernardo Garcia was driving on or around May 25, 2005, they had probable cause to do so. Therefore, IT IS ORDERED that defendant's motion to suppress the evidence seized as a result of the

surveillance of the car is DENIED.

Entered this 31st day of May, 2006.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge

5